IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25–cv–01257–NYW–MDB

MARY KAHLER,

      Plaintiff,

v.

WALMART, INC,

      Defendant.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Maritza Dominguez Braswell**

This matter is before the Court on Defendant Walmart Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint. (["Motion"], Doc. No. 57.) Plaintiff has filed a response in opposition (Doc. No. 59) to which Defendant replied (Doc. No. 60).[1] After reviewing the Motion, briefing and relevant law, the Court respectfully **RECOMMENDS** that the Motion be **GRANTED**.

### SUMMARY FOR SELF-REPRESENTED PLAINTIFF

The Court is recommending that your claims be dismissed and that this case be closed. Even though you make new allegations in this lawsuit, your claims tie back to the same claims of discrimination and retaliation that you made in prior cases. Because of that, the doctrine of claim preclusion applies, and your claims must be dismissed. This is only a high-level summary of the

---

[1] Additionally, with leave of Court, Plaintiff filed a sur-reply. (Doc. No. 67.)

Court's Recommendation. The full decision is set forth below, along with information about your right to object to this Recommendation if you so choose.

## BACKGROUND

This matter concerns Plaintiff's employment with, and later attempts to be rehired by, Defendant. (*See generally* Doc. No. 54.) This is the third lawsuit Plaintiff has filed in connection with her employment.[2]

Plaintiff is 72 years old and identifies herself as disabled. (*Id.* at ¶ 1.) Plaintiff worked for Defendant at one of its locations in La Junta, Colorado, between 2014 and 2016. (*Id.* at ¶¶ 10, 22.) During this period, Plaintiff "worked ... as an apparel team associate under the leadership of Jonna Leggitt and Kathy Shanaman." (*Id.* at 1.)

In early 2015, Plaintiff began to experience significant left leg pain. (*Id*. at ¶ 15.) Eventually, she requested medical leave and had surgery on her left knee. (*Id.* at ¶ 19.) Defendant provided Plaintiff with a leave of absence from March 2015 to July 2015, at which point she returned to work. (*Id*. at ¶ 20.) Upon her return to work, Plaintiff requested permission to work while seated, but her request was denied. (*Id.* at ¶ 21.) Plaintiff was terminated on April 1, 2016, because she was deemed "undependable." (*Id*. at ¶ 22.) However, Defendant's internal systems indicated Plaintiff was "rehirable." (*Id*. at ¶ 23.) Nevertheless, following her termination, Plaintiff repeatedly and unsuccessfully applied for new positions with Defendant. (*Id*. at ¶ 29.)

---

[2] *See Kahler v. Walmart*, No. 1:18-cv-03162-WJM-KMT; *Kahler v. Wal-Mart Stores, Inc*., No. 1:20-cv-01536-WJM-STV; *see also Tal v. Hogan*, 453 F.3d 1244, 1265 (10th Cir. 2006) (saying a court may "take judicial notice of its own files and records, as well as facts which are a matter of public record," "without converting the motion to dismiss into a motion for summary judgment" (quoting *Van Woudenberg ex rel. Foor v. Gibson,* 211 F.3d 560, 568 (10th Cir. 2000), *abrogated on other grounds by McGregor v. Gibson,* 248 F.3d 946, 955 (10th Cir. 2001))).

In 2018, Plaintiff filed her initial employment discrimination lawsuit against Defendant ("*Kahler I*"), asserting wrongful termination, failure to rehire, failure to promote, and retaliation claims under the ADA, ADEA, and Title VII of the Civil Rights Act. *See Kahler v. Walmart,* No. 1:18-cv-03162-WJM-KMT. *Kahler I* was dismissed for failure to satisfy the requisite pleading standards and failure to exhaust administrative remedies. *See Kahler v. Leggitt*, 2019 WL 3928622, at *11 (D. Colo. Aug. 20, 2019).

In 2020, Plaintiff filed a second action ("*Kahler II*"), bringing claims similar to those in *Kahler I. See Kahler v. Wal-Mart Stores, Inc*., No. 1:20-cv-01536-WJM-STV. *Kahler II* was dismissed on claim preclusion grounds. *See Kahler v. Wal-Mart Stores, Inc*., 2021 WL 3629974 at *4 (D. Colo. Aug. 17, 2021) ("Finding that Kahler's claims were or could have been litigated in *Kahler I*, the Court ... dismisses the Complaint with prejudice as barred by claim preclusion."). Plaintiff appealed and the Tenth Circuit affirmed the dismissal. *See Kahler v. Walmart Inc.*, 2023 WL 18358, at *2 (10th Cir. Jan. 3, 2023).

Subsequently, from March 17, 2024, through August 18, 2024, Plaintiff applied for several positions at Defendant's La Junta location. (Doc. No. 54 at ¶¶ 30, 35.) Based on her past experience, Plaintiff says she "knew that she would be able to fulfill the requirements of the jobs for which she applied." (*Id.* at ¶¶ 31–34.) Defendant did not respond to any of these applications. (*id.* at ¶ 36), and Plaintiff alleges they were filled by younger and non-disabled individuals. (*Id.* at ¶¶ 37–38.)

Then, on September 9, 2024, Plaintiff was rehired by Defendant. (*Id.* at ¶ 42.) Plaintiff was hired by William Banister, the "Director of HR" (*id.* at ¶¶ 39–42), and her rehiring coincided with the departure of Ms. Leggitt and Ms. Shanaman from the La Junta store, who previously

"were responsible for the hiring and firing of employees." (*Id.* at ¶ 39.) Plaintiff continues to be employed by Defendant. (*Id.*)

Plaintiff asserts four claims for relief: failure-to-hire claims under the Americans with Disabilities Act ("ADA") (Claim 1) and the Age Discrimination in Employment Act ("ADEA") (Claim 2), as well as retaliation under the ADA (Claim 3) and ADEA (Claim 4). (*Id*. at ¶¶ 44–80.) Defendant seeks dismissal of this action arguing that Plaintiff's claims are barred by principles of claim preclusion.[3] (Doc. No. 57 at 6–9.)

## LEGAL STANDARD

### I.    Federal Rule of Civil Procedure 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When ruling on such a motion, a court accepts all well-pleaded facts as true and views the allegations in the light most favorable to the plaintiff. *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010). However, the plaintiff bears the burden of presenting a complaint with enough factual details to suggest entitlement to relief. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Indeed, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009)). Ultimately, courts assess "whether the complaint sufficiently alleges facts supporting all the

---

[3] Defendant alternatively argues Plaintiff has failed to exhaust her administrative remedies or state cognizable claims for relief (Doc. No. 57 at 9–15), but the Court finds it need not reach these arguments.

elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

## II.    Self-Represented Plaintiff

The Court is mindful that Plaintiff represents herself and thus affords her papers and filings a liberal construction. *Smith v. Allbaugh*, 921 F.3d 1261, 1268 (10th Cir. 2019). But the Court cannot and does not act as her advocate, *United States v. Griffith*, 928 F.3d 855, 864 n.1 (10th Cir. 2019), and applies the same procedural rules and substantive law to Plaintiff as to a represented party. *See Requena v. Roberts*, 893 F.3d 1195, 1205 (10th Cir. 2018); *Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

## ANALYSIS

"Claim preclusion, also known as *res judicata*, 'applies when three elements exist: (1) a final judgment on the merits in an earlier action; (2) identity of the parties in the two suits; and (3) identity of the cause of action in both suits.'" *Kahler*, 2023 WL 18358, at *2 (quoting *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005)). "If these requirements are met, claim preclusion bars a subsequent suit 'unless the party seeking to avoid preclusion did not have a full and fair opportunity to litigate the claim in the prior suit.'" *Id.* (quoting *MACTEC*, 427 F.3d at 831).

Here, the first two elements of the claim preclusion test are easily met: *Kahler I* and *II* were resolved by a final judgment and the suits involved Plaintiff and Walmart. *See Kahler II*, 2021 WL 3629974, at *3 (finding the same). Thus, Defendant's preclusion argument boils down to the third element.

In this Circuit, "a cause of action includes all claims or legal theories of recovery that arise from the same transaction, event, or occurrence." *Nwosun v. Gen. Mills Rests., Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997). "[A]ny claims that [Plaintiff] now asserts that are part of the same transaction asserted in h[er] previous complaint should be precluded, while new and independent claims may go forward." *Hatch v. Boulder Town Council*, 471 F.3d 1142, 1150 (10th Cir. 2006) (emphasis omitted). Generally, "all claims arising from the same employment relationship constitute the same transaction or series of transactions for claim preclusion purposes," although "claim preclusion does not necessarily bar plaintiffs from litigating claims based on conduct that occurred after" the filing of the complaint in the prior case. *Mitchell v. City of Moore*, 218 F.3d 1190, 1202 (10th Cir. 2000).

Defendant argues that Plaintiff's claims in this suit are clearly part of the "same transaction ... asserted in her previous case," and are therefore barred. (Doc. No. 57 at 7.) In *Kahler I*, Plaintiff alleged age and disability discrimination resulting in a failure to hire, and in *Kahler II* she asserted retaliation claims connected to the same. (*Id.* at 7–8.) Defendant argues that the differences between those prior claims and the claims she makes here, are scant. The Court agrees. At most, Plaintiff's instant claims are backed by two additional allegations. First, that Plaintiff submitted new employment applications which post-dated the judgment in *Kahler II*. Second, that she was eventually re-hired by Defendant after the identity of the relevant decisionmaker changed. But despite these additional allegations, the crux of the claims is the same as it was in the prior cases: Defendant discriminated and retaliated against Plaintiff by failing to re-hire her.

6

Even assuming Plaintiff submitted new unsuccessful job applications since the dismissal of *Kahler II*, the alleged rejections "ar[ose] out of the same employment relationship and closely relate[d] to the circumstances of [Plaintiff's] termination." *Kahler II*, 2021 WL 3629974 at *4. Indeed, in *Kahler II*, Judge Martinez specifically rejected the notion that Plaintiff's new, rejected job applications could be used to evade claim preclusion. *See id.* (rejecting Plaintiff's argument that claim preclusion did not apply because "she continues to apply for employment at Wal-Mart, and Wal-Mart continues to deny her applications"); *see also Kahler v. Wal-Mart Stores, Inc*, 2021 WL 4046419, at *6 (D. Colo. May 10, 2021) ("Although Plaintiff's termination and Defendant's subsequent, ongoing refusal to rehire her are separate factual events, they are not so unrelated as to defeat the application of res judicata in this case."), *report and recommendation adopted Kahler*, 2021 WL 3629974. Judge Martinez found that Defendant's ongoing refusal to rehire Plaintiff constituted a single, ongoing, and previously-litigated adverse employment action, which was unaffected by any individual rejected application. The Tenth Circuit affirmed the dismissal.[4][5] *See Kahler*, 2023 WL 18358, at *2 ("[W]e agree with the district court that all

---

[4] In a footnote, the Tenth Circuit noted "[i]t ... [was] impossible to discern from her complaint whether Ms. Kahler has applied for a job at Walmart since she filed her complaint in *Kahler I*." Kahler, 2023 WL 18358, at *3, n.2. This suggests that the rejection of a new application that occurs *after* a case is closed *might* form the basis for a non-precluded claim in a new suit. However, the statement is dicta at best and Judge Martinez's decision in *Kahler II* supports the notion that Defendant's ongoing refusal to rehire, regardless of the exact timing of Plaintiff's applications, is part of the same transaction that formed the basis of *Kahler I* and *Kahler II*.

[5] The only claim the Tenth Circuit found *not* to be precluded arose out of an email sent to Plaintiff by Defendant's counsel subsequent to the closing of *Kahler I*, which "offer[ed] not to pursue the court-awarded costs if she signed a settlement agreement." *Kahler*, 2023 WL 18358, at *1. Plaintiff characterized this email as a form of retaliation. *Id.* The Tenth Circuit found that retaliation claim was not precluded because Plaintiff could not have known about it while *Kahler I* was being litigated, and, at least as framed by Plaintiff, it constituted a new adverse

the claims asserted by Ms. Kahler arising out of events predating the filing of her *Kahler I*
complaint are precluded.").

Moreover, though the change in management arguably offers new circumstantial evidence of animus by a former decisionmaker, it does not give rise to an entirely new cause of action, nor does it constitute a new transaction from which new claims arise. At most, the new allegation slightly bolsters Plaintiff's prior, already-litigated, claims. In short, the additional allegations Plaintiff musters up, flow from the same employment relationship and transaction already litigated in *Kahler I* and *Kahler II*, and the third element of claim preclusion is satisfied. *See Hatch v. Boulder Town Council*, 471 F.3d 1142, 1150, n.8 (10th Cir. 2006) ("[A] subsequent action that simply alleges new facts in support of claims asserted in a prior action will usually not avoid application of the claim preclusion doctrine. However, if such [new] facts *in themselves* establish *independent grounds* for a claim against the defendants in the previous action, claim preclusion does not apply." (emphasis added) (quoting 18 James William Moore, *Moore's Federal Practice* § 131.22[1], at 131–55 (3d ed. 2006))); *Storey v. Cello Holdings, LLC*, 347 F.3d 370, 384 (2d Cir. 2003) ("Where the facts that have accumulated after the first action *are enough on their own* to sustain the second action, the new facts clearly constitute a new 'claim,' and the second action is not barred by *res judicata*." (emphasis added)). With all three elements met, Plaintiff's claims are barred by claim preclusion.

**CONCLUSION**

---

employment action. *Id.* at *3. Nevertheless, the dismissal of that claim was affirmed for failure to state a cause of action.

For the foregoing reasons, the Court respectfully **RECOMMENDS** that Defendant Walmart Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint (Doc. No. 57) be **GRANTED**, that this case be dismissed with prejudice, and the matter closed.

### ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir.

1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 15th day of July, 2026.

**BY THE COURT:**

_____
Maritza Dominguez Braswell
United States Magistrate Judge

10