**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Civil Action No. 25-cv-01257-NYW-MDB

MARY KAHLER,

Plaintiff,

v.

WALMART, INC.,

Defendant.

---

**ORDER ON MAGISTRATE JUDGE'S RECOMMENDATION**

---

This matter is before the Court on the Recommendation of United States Magistrate Judge issued on July 15, 2026 by the Honorable Maritza Dominguez Braswell. [Doc. 70]. Judge Dominguez Braswell recommends that Defendant Walmart Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint (the "Motion to Dismiss"), [Doc. 57], be granted and that Plaintiff's claims be dismissed with prejudice, *see* [Doc. 70 at 9]. Plaintiff Mary Kahler ("Plaintiff" or "Ms. Kahler") has objected to the Recommendation. [Doc. 73]. For the reasons set forth below, Plaintiff's objections are respectfully **SUSTAINED** and the Motion to Dismiss is respectfully **GRANTED in part** and **DENIED in part**.

## LEGAL STANDARDS

### I. Rule 72

A district court may refer a dispositive motion to a magistrate judge for recommendation. 28 U.S.C. § 636(b)(1)(B). The district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "[A] party's objections to the magistrate judge's report and

recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Specific objections permit "the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* at 1059 (quotation omitted).

## II. Rule 12(b)(6)

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), the Court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quotation omitted). The plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted).

## III. Pro Se Filings

Because Plaintiff proceeds pro se,[1] her filings are entitled to liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam). But the Court cannot and does not act as her advocate, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), and

[1] Ms. Kahler's Amended Complaint was drafted by an attorney who entered a limited appearance through the Court's Federal Limited Appearance Program. [Doc. 54 at 1]; *Federal Limited Appearance Program*, https://www.cobar.org/for-members/young-lawyers-division/federal-limited-scope-appearance-program. Plaintiff's counsel has since withdrawn as contemplated, *see* [Doc. 56], and Ms. Kahler has proceeded pro se since that time.

Plaintiff must comply with the same procedural rules and substantive law that all parties are required to follow, *see Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002); *Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

## BACKGROUND

Ms. Kahler was terminated from her employment with Defendant Walmart, Inc. ("Defendant" or "Walmart") in 2016. [Doc. 54 at ¶ 22]. Although she was deemed "rehirable" in Walmart's internal system, Plaintiff's attempts to apply for reemployment at Walmart were unsuccessful. [*Id.* at ¶¶ 9, 23–24].

Believing she had been discriminated against based on her disability and her age, Ms. Kahler later filed two federal lawsuits against Walmart: *Kahler v. Leggitt*, No. 18-cv-03162-WJM-KMT (D. Colo. Dec. 10, 2018) ("*Kahler I*"), and *Kahler v. Walmart Stores, Inc.*, No. 20-cv-01536-WJM-STV, (D. Colo. May 29, 2020) ("*Kahler II*"). In *Kahler I*, Plaintiff asserted ADA and ADEA claims for age and disability discrimination and retaliation. *See Kahler I*, No. 18-cv-03162-WJM-KMT, 2019 WL 3928622, at *4–8 (D. Colo. Aug. 20, 2019) Plaintiff's claims in *Kahler I* were dismissed for failure to state a claim and for failure to exhaust her administrative remedies. *Id.* at *11.

In *Kahler II*, Plaintiff again raised claims under the ADA and ADEA and asserted new claims under the Family and Medical Leave Act. *See Kahler II*, No. 20-cv-01536-WJM-KMT, 2021 WL 3629974, at *1 (D. Colo. Aug. 17, 2021), *aff'd*, No. 22-1136, 2023 WL 18358 (10th Cir. Jan. 3, 2023). The district court dismissed those claims based on the doctrine of claim preclusion. *Id.* at *4. The Tenth Circuit largely affirmed the *Kahler II* preclusion decision, but it determined the district court had erred in precluding Plaintiff's claim based on an event that post-dated the *Kahler I* complaint. *See Kahler v. Walmart*

*Inc.*, No. 22-1136, 2023 WL 18358, at *3 (10th Cir. Jan. 3, 2023) ("*Kahler III*"). The Tenth Circuit nevertheless affirmed the dismissal of that claim on Rule 12(b)(6) grounds. *Id.* at *3–4.

Ms. Kahler reapplied to work for Walmart in March, April, May, June, July, and August 2024. [Doc. 54 at ¶ 35]. Walmart ignored her applications and instead filled the positions with employees who "visibly appeared to be aged in their twenties" and who "are not perceived to have physical limitations similar to those of Ms. Kahler." [*Id.* at ¶¶ 38–38]. However, after different employees took over Walmart's hiring decisions, Walmart hired Ms. Kahler as an apparel team associate in September 2024. [*Id.* at ¶¶ 39–42]. She remains employed at Walmart. [*Id.* at ¶ 43].

Ms. Kahler filed this case in April 2025, [Doc. 1], and filed the operative Amended Complaint on October 8, 2025, [Doc. 54]. Ms. Kahler asserts four claims: (1) a disability discrimination claim under the Americans With Disabilities Act ("ADA") ("Claim One"), [*id.* at ¶¶ 44–52]; (2) an age discrimination claim under the Age Discrimination in Employment Act ("ADEA") ("Claim Two"), [*id.* at ¶¶ 53–63]; (3) a retaliation claim under the ADA ("Claim Three"), [*id.* at ¶¶ 64–71]; and (4) a retaliation claim under the ADEA ("Claim Four"), [*id.* at ¶¶ 72–80]. Walmart moves to dismiss all of Plaintiff's claims. *See* [Doc. 57].

**ANALYSIS**

**I. The Recommendation**

Among other arguments, Walmart contends that Ms. Kahler's claims are barred by the doctrine of claim preclusion (or res judicata) because she raised similar claims in *Kahler I* and *Kahler II*. *See* [Doc. 57 at 6–9]. Judge Dominguez Braswell agrees with this

argument and recommends that the Court dismiss Plaintiff's claims with prejudice. [Doc. 70 at 5–9]. Ms. Kahler objects to this determination. *See generally* [Doc. 73].[2]

The doctrine of claim preclusion bars a party from "litigating a legal claim that was or could have been the subject of a previously issued final judgment." *Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 847 F.3d 1221, 1239 (10th Cir. 2017). "Three elements must be established for claim preclusion to attach: (1) a final judgment on the merits in a prior action; (2) the identity (i.e., sameness) of parties or their privies in the prior and instant suits; and (3) the identity of the cause of action in both suits." *Watkins v. Genesh, Inc.*, 135 F.4th 1224, 1229 (10th Cir. 2025) (quotation omitted). But even if these three elements are satisfied, claim preclusion will not apply if "the party seeking to avoid preclusion did not have a full and fair opportunity to litigate the claim in the prior suit." *Lenox*, 847 F.3d at 243 (quotation omitted).

Ms. Kahler argues that claim preclusion should not apply because she did not have a full and fair opportunity to litigate her claims in *Kahler I* and *Kahler II*. [Doc. 73 at 7]. She argues that her claims were dismissed "because of failure to satisfy the requisite pleading standards and failure to exhaust administrative remedies," which does not constitute a determination on the merits. [*Id.*]. Plaintiff, however, did not raise this argument in her Response to the Motion to Dismiss or her Surreply. [Doc. 59; Doc. 67]. Therefore, this argument has been waived. *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."). Furthermore, "[a] ruling under Rule 12(b)(6)

---

[2] In some instances, Plaintiff takes issue with the rulings in *Kahler I*, *Kahler II*, and *Kahler III*. *See, e.g.*, [Doc. 73 at 7–8, 9–10]. Because these arguments are not directed at Judge Dominguez Braswell's Recommendation, the Court declines to consider them.

concerns the merits," *Brownback v. King*, 592 U.S. 209, 216–17 (2021), so Plaintiff's argument is respectfully without merit.

Ms. Kahler also argues that her claims should not be precluded because they are new causes of action based on new allegations that arose after *Kahler I* and *Kahler II*. *See* [Doc. 73 at 4]. For purposes of claim preclusion, a "cause of action" refers to "all claims or legal theories of recovery that arise from the same transaction, event, or occurrence." *Watkins*, 135 F.4th at 1230 (quotation omitted). The Tenth Circuit has recognized a general rule that "all claims arising from the same employment relationship constitute the same transaction or series of transactions for claim preclusion purposes," but has also suggested that claim preclusion "does not necessarily bar plaintiffs from litigating claims based on conduct that occurred after the initial complaint was filed." *Mitchell v. City of Moore*, 218 F.3d 1190, 1202 (10th Cir. 2000). "[A] new action will be permitted . . . where it raises *new and independent* claims, not part of the previous transaction, based on the new facts." *Hatch v. Boulder Town Council*, 471 F.3d 1142, 1150 (10th Cir. 2006); *see also id.* at 1150 n.8 (observing that if "new facts in themselves establish independent grounds for a claim against the defendants in the previous action, claim preclusion does not apply" (cleaned up)).

In her Recommendation, Judge Dominguez Braswell found that even though Plaintiff raises allegations in her Amended Complaint about new unsuccessful employment applications that post-dated the judgments in *Kahler I* and *Kahler II*, "the crux of [her] claims is the same as it was in the prior cases: Defendant discriminated and retaliated against Plaintiff by failing to re-hire her." [Doc. 70 at 6]. Judge Dominguez Braswell concludes that Plaintiff's current allegations still arise out of the same

employment relationship that underpinned *Kahler I* and *Kahler II*, so claim preclusion bars the claims in this case. [*Id.* at 7].

Ms. Kahler argues that her claims in this case are not barred by claim preclusion because the allegations in the Amended Complaint concern "only instances of discrimination and retaliation occurring *after* the other lawsuits ended." [Doc. 73 at 4]. In support, she relies on the Tenth Circuit's decision in *Kahler III*. As mentioned above, the Tenth Circuit affirmed most of the district court's determination that Plaintiff's claims were barred by claim preclusion because they had already been raised (or could have been raised) in *Kahler I*. *See Kahler III*, 2023 WL 18358, at *2–3. However, the Tenth Circuit also concluded that the district court erred in applying claim preclusion to Ms. Kahler's claim that was based on an email she received from Walmart's counsel in 2020—after final judgment was entered in *Kahler I*—because that claim could not have been raised in *Kahler I*. *Id.* at *3. It reasoned that "[w]here the facts that have accumulated after the first action are enough on their own to sustain the second action, the new facts clearly constitute a new claim, and the second action is not barred by res judicata." *Id.* (quoting *Hatch*, 471 F.3d at 1150).

The Court respectfully agrees with Plaintiff that claim preclusion does not bar her claims based on Walmart's refusals to hire her in 2024. In employment cases, courts have recognized that each refusal to hire is a separate, discrete action. *See, e.g.*, *Davidson v. Am. Online, Inc.*, 337 F.3d 1179, 1185 (10th Cir. 2003); *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002). Plaintiff alleges that, in March, April, May, June, July, and August 2024, she applied to work at Walmart and her applications were ignored. [Doc. 54 at ¶¶ 35–36]. She also alleges that the positions for which she applied

were filled by individuals who "visibly appeared to be aged in their twenties" and who "are not perceived to have physical limitations similar to those of Ms. Kahler." [*Id.* at ¶ 38]. Each of these alleged discriminatory refusals to hire is a separate adverse action, and because these alleged events post-date *Kahler I* and *Kahler II*, Plaintiff's new claims could *not* "have been the subject of a previously issued final judgment." *Lenox*, 847 F.3d at 1239; *see also Hatch*, 471 F.3d at 1153 (claims that "could not have been raised in the previous action" were not precluded); *Morgan v. Carrington Mortg. Servs.*, 719 F. App'x 735, 742–43 (10th Cir. 2017) (applying Okahoma law and concluding that claims that arose after state-court judgment entered were not barred by claim preclusion). In other words, Plaintiff has raised new claims based on new facts that are independent from the claims raised in *Kahler I* and *Kahler II*. *Hatch*, 471 F.3d at 1150. A different conclusion would effectively give Walmart free rein to openly discriminate against Ms. Kahler by refusing to hire her because of her age or disability without repercussion.

As for Claims Three and Four, these too raise new claims based on new, independent facts: Plaintiff alleges that Walmart refused to hire her in 2024 in retaliation for filing *Kahler I* and *Kahler II*. *See* [Doc. 54 at ¶¶ 64–80].[3] This fact distinguishes this case from *Kahler II*, where Plaintiff brought claims based on "the *same conduct* underlying

[3] However, to the extent Plaintiff alleges that Walmart retaliated against her for filing her EEOC charge, *see* [Doc. 54 at ¶ 66], the Court does find that that portion of her claims is precluded because she could have—and may have—raised that claim in her earlier cases. Indeed, in *Kahler II*, Judge Martínez observed that Plaintiff was "attempt[ing] to repackage Wal-Mart's failure to rehire her as retaliation for filing her EEOC charge." *Kahler II*, 2021 WL 3629974, at *4. Accordingly, the Motion to Dismiss is **GRANTED** to the limited extent Plaintiff's retaliation claims allege that she was retaliated against for filing her EEOC charge.

her first suit" (i.e., *Kahler I*). *Kahler III*, 2023 WL 18358, at *2 (emphasis added).[4] *See, e.g.*, *Howard v. City of Coos Bay*, 871 F.3d 1032, 1040 (9th Cir. 2017) (holding that, for the purposes of federal common law, claim preclusion does not apply to claims that accrue after the filing of an operative complaint of the last action, and thus the plaintiff's retaliation claims were not precluded).

Accordingly, the Court respectfully disagrees with Judge Dominguez Braswell's conclusion that Plaintiff's claims based on applications made in 2024 are barred by the doctrine of claim preclusion, and Plaintiff's objections are **SUSTAINED**. Because the Motion to Dismiss raises alternative grounds for dismissal that Judge Dominguez Braswell did not address, *see* [Doc. 57 at 9–15], the Court conducts an independent analysis of those arguments.

## II. The Motion to Dismiss

Aside from claim preclusion, Walmart argues that Ms. Kahler's claims should be dismissed because (1) she failed to properly exhaust her administrative remedies and (2) she fails to state a claim under Rule 12(b)(6). *See* [*id.*].

---

[4] In *Kahler III*, the Tenth Circuit noted that Plaintiff alleged that Walmart "continue[d] Retaliation to the present day" but further observed that Plaintiff had "provide[d] no details about these claimed refusals to rehire, including such basic information as when she most recently applied and when she last received notification that her application had been rejected," so it was " impossible to discern from her complaint whether Ms. Kahler has applied for a job at Walmart since she filed her complaint in *Kahler I*." *Kahler III*, 2023 WL 18358, at *3 n.2. Although this statement did not ultimately contribute to the Tenth Circuit's decision and is dicta, it suggests to this Court that *had* Plaintiff more clearly and conclusively alleged subsequent failures to hire after *Kahler I*, claims based on those alleged actions may not have been precluded. *See also Jagla v. BMO Fin. Grp.*, 248 F. App'x 743, 745 (7th Cir. 2007) (holding that even in light of the plaintiff's repeated applications and discrimination actions, his most recent application was not barred by claim preclusion).

### A. Administrative Exhaustion

Before filing an ADA or ADEA claim in federal court, a plaintiff must exhaust their administrative remedies. *See Edmonds-Radford v. Sw. Airlines Co.*, 17 F.4th 975, 988 (10th Cir. 2021) (ADA); *Riley v. Tulsa Cnty. Juv. Bureau ex rel. Tulsa Cnty. Bd. of Comm'rs*, 421 F. App'x 781, 783 (10th Cir. 2010) (ADEA). A plaintiff's failure to exhaust administrative remedies is an affirmative defense that may be resolved on a motion to dismiss "when the grounds for the defense appear on the face of the complaint." *Cirocco v. McMahon*, 768 F. App'x 854, 858 (10th Cir. 2019).

To exhaust her administrative remedies, a plaintiff must file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). *Edmonds-Radford*, 17 F.4th at 988; *Riley*, 421 F. App'x at 783. The exhaustion requirement has "two principal purposes": to give the employer notice of the claim and to give the administrative an opportunity to conciliate the claim. *Smith v. Cheyenne Ret. Invs. L.P.*, 904 F.3d 1159, 1164 (10th Cir. 2018).

"A charge need only 'describe generally' the alleged discrimination, . . . in order to 'give notice of an alleged violation to the charged party.'" *Jones v. Needham*, 856 F.3d 1284, 1291 (10th Cir. 2017) (first quoting 29 C.F.R. § 1601.12(b), and then quoting *Woodman v. Runyon*, 132 F.3d 1330, 1342 (10th Cir. 1997)). The charge document, which is to be "liberally construed," must "contain facts concerning the discriminatory and retaliatory actions underlying each claim." *Smith*, 904 F.3d at 1164 (quotation omitted). The relevant question is whether "the conduct alleged in the lawsuit would fall within the scope of an EEOC investigation which would reasonably grow out of the charges actually made in the EEOC charge." *Id.* (cleaned up).

Ms. Kahler's EEOC charge alleges disability discrimination, age discrimination, and retaliation. [Doc. 54-2 at 1].[5] The main document states as follows:

> In or about May 2014, Walmart hired me as an Associate. I am a disabled individual as defined under the Americans with Disabilities Act (ADA), and I notified Human Resources of my disability in or about February 2015. On April 1, 2016, I was unlawfully discharged from my position under the pretext of attendance issues. However, the absences cited were FMLA-protected, and my tardiness was insufficient to warrant termination. From 2016 until 2024, despite applying for the Associate position more than 100 times, nearly every month, I was repeatedly denied employment. On March 16, 2017, I filed EEOC Charge No. 541-2017-00905, protesting my wrongful discharge based on my protected characteristics. I filed a second charge, EEOC No. 541-2020-01101, on February 21, 2020, alleging retaliation for my prior complaint and denial of employment. As a result of my EEO-protected activity, I was further retaliated against by being denied employment until September 5, 2024, when new management stepped in.
>
> I believe that I have been discriminated against because of my age (71), and for having engaged in EEO-protected activity when I filed EEOC Charge No. 541-2017-00905 & 541-2020-01101, in violation of the Age Discrimination in Employment Act (ADEA) of 1967, as amended, and based on my disability within the meaning of the Americans with Disabilities Act (ADA) of 1990, as amended, and based on protected activity, in violation of the ADA.

[*Id.*].

Walmart argues that although the charge "discusses a general ongoing failure to rehire for approximately nine years" and "generally asserts that [Plaintiff] suffered age and disability-based discrimination," it lacks specific facts establishing "that any failure to rehire occurred as a result of such alleged discrimination." [Doc. 57 at 11 (footnotes omitted)]. Specifically, Walmart contends that the charge is insufficient because it "makes

---

[5] The Court may properly consider the EEOC charge in ruling on the Motion to Dismiss because it is attached to Plaintiff's Amended Complaint. *See Brown v. City of Tulsa*, 124 F.4th 1251, 1263 (10th Cir. 2025) (although a court ordinarily "must restrict its review to only the allegations within the four corners of the complaint," it may consider "documents attached to the complaint as exhibits" in ruling on a Rule 12(b)(6) motion (quotation omitted)).

no mention of any specific disability" and "does not discuss any specific failure to rehire occurring in 2024." [*Id.* at 11 & n.9]. Finally, Walmart argues that the charge is insufficient because it "makes no mention of any prior lawsuits filed against Walmart." [*Id.* at 11 n.10]. Walmart does not cite any caselaw demonstrating that these sort of factual allegations are necessary to properly exhaust administrative remedies. *See* [*id.* at 11–12].

The Court is respectfully unpersuaded by this argument. In an EEOC "Inquiry Information" form that Plaintiff categorizes as part of her EEOC charge, *see* [Doc. 54 at ¶ 7], Ms. Kahler stated that "[e]very month for the past year [she] reapplied for employment at Walmart" and that Walmart "refused to rehire [her] every month for the past eight years" [Doc. 54-2 at 4].[6] This allegation necessarily encompasses Plaintiff's claim that Walmart refused to hire her based on applications filed in March through September of 2024. Ms. Kahler also alleged that "other applicants were younger and had no retail experience" and that at least six "younger and (when hired) less qualified associates" had been working in Walmart's apparel department for the previous two years, though she did not expressly allege that any of those six individuals were hired over her in 2024. [*Id.* at 5]. But construing these allegations liberally, as it must, the Court concludes that the general underlying facts of Plaintiff's age discrimination claim can be

[6] Defendant does not discuss the "Inquiry Information" form in its Motion to Dismiss and does not argue that the Court cannot consider it as part of the EEOC charge. *See* [Doc. 57]. Any such argument would likely be inappropriate for the pleading stage. Plaintiff characterizes this form as part of her EEOC charge, [Doc. 54 at ¶ 7], and the Court must take Plaintiff's allegations as true and draw all reasonable inferences in her favor. Furthermore, any dispute over what is or is not part of the EEOC charge would mean that the grounds for Defendant's affirmative defense do not "appear on the face of the complaint." *Cirocco*, 768 F. App'x at 858.

readily ascertained: Plaintiff alleges that when she applied for employment in 2024, Walmart hired younger, less qualified applicants instead of hiring her.

With respect to Plaintiff's disability discrimination claim, the charge states that Walmart knew about her disability and refused to hire her because of that disability. [Doc. 54-2 at 1, 4]. Although Defendant insists that this is not enough because Plaintiff does not mention her "specific disability" or allege that the failure to hire "was based on any particular disability," [Doc. 57 at 11 n.9], Defendant cites no legal authority requiring those types of allegations in an EEOC charge. At least one court in this District has rejected this argument. *See Rambau v. Wagner Equip. Co.*, No. 16-cv-02089-KLM, 2017 WL 11843475, at *4–5 (D. Colo. Sept. 18, 2017). The Court finds that Plaintiff's allegations in the Amended Complaint would reasonably fall within the scope of the EEOC investigation that would logically follow from the allegations of disability discrimination in the charge. And finally, as for Plaintiff's retaliation claims, contrary to Defendant's argument that the EEOC charge does not mention Plaintiff's federal lawsuits against Walmart, Plaintiff does state that she "sued Walmart for failure to rehire," [Doc. 54-2 at 4], which could reasonably prompt an investigation into whether Walmart's refusals to hire in 2024 were in retaliation for Plaintiff's litigation conduct.

In sum, the EEOC charge identifies the bases of Ms. Kahler's discrimination and retaliation allegations, provides a general timeframe about when that discrimination and retaliation occurred, and identifies the alleged decisionmakers who engaged in discrimination and/or retaliation. Construing the EEOC charge liberally and drawing all reasonable inferences in Plaintiff's favor, the Court concludes that she has exhausted her administrative remedies for her current federal claims. *See Gunnell v. Utah Valley State*

*Coll.*, 152 F.3d 1253, 1260 (10th Cir. 1998) (finding EEOC charge sufficient where the allegations, "though sparse," identified "the type of discrimination complained of, the alleged harasser, and an approximate time period"); *Mackley v. TW Telecom Holdings, Inc.*, 296 F.R.D. 655, 665 (D. Kan. 2014) (allegations that younger female employees were treated more favorably were sufficient to exhaust administrative remedies for claims of age and sex discrimination); *cf. Jones*, 856 F.3d at 1291–92 (recognizing that an EEOC charge need not be as detailed as a federal complaint because a complaint "must meet Rule 8 pleading standards and contain sufficient facts to render it plausible"). The Court will not dismiss Plaintiff's claims on this basis.

**B. Rule 12(b)(6)**

Walmart also argues in its Motion to Dismiss that Plaintiff's claims should be dismissed for failure to state a claim under Rule 12(b)(6). The Court addresses Defendant's claim-specific arguments in turn.

**1. Disability Discrimination Under the ADA**

Under the ADA, it is unlawful to "discriminate against a qualified individual on the basis of disability in regard to . . . hiring . . . and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). To state a claim for disability discrimination, Plaintiff must allege "(1) [s]he is disabled as defined under the ADA; (2) [s]he is qualified, with or without reasonable accommodation . . ., to perform the essential functions of the job; and (3) [s]he was discriminated against because of [her] disability." *Blakely v. Cessna Aircraft Co.*, 256 F. Supp. 3d 1169, 1173 (D. Kan. 2017) (citing *Adair v. City of Muskogee*, 823 F.3d 1297, 1304 (10th Cir. 2016)).

Walmart argues that Plaintiff's disability discrimination claim should be dismissed because she "fails to allege that she suffers any disability that substantially impairs a major life activity." [Doc. 57 at 13]. It contends that Plaintiff must "articulate with precision both her impairment and the major life activity it substantially limited," relying on *Johnson v. Weld County*, 594 F.3d 1202 (10th Cir. 2010), a summary judgment case. *See* [Doc. 57 at 12–13 (quotation omitted)]. In Walmart's view, Plaintiff's allegations that she is limited in her ability to grip, manipulate, and pick up objects and lift heavy objects, *see* [Doc. 54 at ¶¶ 13, 47], are insufficient to plausibly allege a limitation on a major life activity, *see* [Doc. 57 at 13].

The Court respectfully disagrees. Major life activities include performing manual tasks and lifting. *Poindexter v. Atchison, Topeka & Santa Fe Ry. Co.*, 168 F.3d 1228, 1231 (10th Cir. 1999). Plaintiff's allegations that her disability affects her ability to grip, manipulate, and pick up certain objects are sufficient to plausibly allege that she is limited in a major life activity. *See* [Doc. 54 at ¶ 47]; *see also E.E.O.C. v. UPS Ground Freight, Inc.*, 443 F. Supp. 3d 1270, 1285 (D. Kan. 2020) (recognizing, at summary judgment, that the EEOC had produced evidence that the employee "was substantially limited in the major life activit[y] of . . . gripping"); *E.E.O.C. v. Burlington N. Santa Fe R.R.*, No. 12-cv-02634-JWL, 2013 WL 4431261, at *5 (D. Kan. Aug. 16, 2013) ("[I]t is at least plausible that a complete inability to grip objects with one hand would qualify as a substantial limitation on the major life activity of performing manual tasks (including tasks that are central to most people's daily lives)."); *United States v. City & Cnty. of Denver*, 49 F. Supp. 2d 1233, 1251 (D. Colo. 1999) ("A genuine issue of material fact exists at minimum as to

whether Niebur is substantially limited in major life activities, including lifting, gripping and carrying.").

Whether or not Plaintiff will ultimately be able to adduce evidence and prove that her impairments substantially limit a major life activity is not presently before the Court. The Court's analysis is limited to determining whether the allegations in the Amended Complaint are sufficient to state a claim. The Court concludes that they are, and the Court will not dismiss Claim One at this time.

### 2. Age Discrimination Under the ADEA

The ADEA prohibits discrimination against individuals who are at least 40 years of age and renders it unlawful for an employer "to fail or refuse to hire . . . any individual . . . because of such individual's age." 29 U.S.C. § 623(a)(1); *see also id.* § 631(a) (limiting ADEA protections to "individuals who are at least 40 years of age"). Although a plaintiff need not state a prima facie discrimination claim to survive a Rule 12(b)(6) motion, the Court "consider[s] the [prima facie] elements of an ADEA . . . claim to help determine whether [Plaintiff's] claim is plausible." *Frappied v. Affinity Gaming Black Hawk, LLC*, 966 F.3d 1038, 1054 (10th Cir. 2020). A prima facie failure-to-hire claim under the ADEA has the following elements: (1) the plaintiff belongs to the protected class (i.e., is over 40), (2) the plaintiff applied for and was qualified for the position, (3) despite the plaintiff's qualifications, she was rejected, and (4) the position was filled by someone younger than the plaintiff. *Lewis v. McDonnell Douglas Corp.*, 1996 WL 77038, at *3 (10th Cir. Feb. 21, 1996).

Defendant claims that Plaintiff's allegations are deficient because she

> does not allege any facts to support that she applied for specific vacant positions for which Walmart was seeking applicants. Instead, the [Amended

> Complaint] merely alleges that she "applied for various positions," including team associate, cashier, general merchandise associate, and greeter. There are no facts to support that her alleged applications occurring on or about March 17, 2024, April 19, 2024, May 23, 2024, June 20, 2024, July 19, 2024, and August 18, 2024 were for vacant positions for which Walmart was actively seeking applicants.

[Doc. 57 at 14 (citation and footnote omitted)]. This argument is not supported by legal authority establishing that such allegations are necessary to state a claim.

Ms. Kahler alleges that, in every month from March 2024 to August 2024, she submitted employment applications to Walmart and that she applied for the positions of apparel team associate, cashier, greeter, and general merchandise associate. [Doc. 54 at ¶¶ 30, 35]. She further alleges that "[d]uring th[at] same period of time, Walmart hired several new employees *to fill the positions for which Ms. Kahler applied*." [*Id.* at ¶ 37 (emphasis added)]. Construing these allegations in Plaintiff's favor, *Casanova*, 595 F.3d at 1124, it is reasonable and plausible to infer that Walmart was hiring for vacant positions for which Plaintiff applied because, as Plaintiff alleges, Walmart hired other, younger candidates for those positions, *see* [Doc. 54 at ¶¶ 37–38]. Accordingly, the Court declines to dismiss Claim Two on this basis.

### 3. Retaliation Under the ADA and the ADEA

Finally, Walmart moves to dismiss Plaintiff's retaliation claims. It is unlawful under the ADA and the ADEA to retaliate against a person for engaging in protected activity. *See* 42 U.S.C. § 12203(a); 29 U.S.C. § 623(d). A prima facie retaliation claim consists of the following elements: (1) the plaintiff participated in protected opposition to discrimination; (2) a reasonable employee would have found the employer's subsequent action to be materially adverse; and (3) a causal connection exists between the protected activity and the employer's adverse action. *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166,

1209 (10th Cir. 2018) (ADA); *Hinds v. Sprint/United Mgmt. Co.*, 523 F.3d 1187, 1202 (10th Cir. 2008) (ADEA). "To establish a causal connection, a plaintiff must present evidence of circumstances that justify an inference of retaliatory motive." *Lincoln*, 900 F.3d at 1209 (cleaned up). This burden is similar "to a showing of but-for-causation." *Id.* (quotation omitted).

Defendant argues that Claims Three and Four "are comprised of nothing more than conclusory recitations of the elements of such claims" and that Plaintiff "fails to allege any facts to support that her protected activity . . . was the but for cause of any failure to rehire." [Doc. 57 at 15 (footnote omitted)]. Ms. Kahler responds that her protected activity was the but-for cause of Walmart's refusal to hire because "at least a dozen people in the apparel department were hired who had NOT sued Walmart and who had NOT filed an EEOC charge." [Doc. 59 at 7].

As Plaintiff argues, the Amended Complaint does allege that the candidates Walmart hired instead of Plaintiff "had . . . not filed any lawsuits against Walmart." [Doc. 54 at ¶ 38]. She also alleges that the two decisionmakers who refused to hire her "were aware of . . . the two EEOC charges and lawsuits previously filed by Ms. Kahler" and that, after a change in leadership "to people not personally familiar with Ms. Kahler's litigation history," Walmart hired Ms. Kahler. [*Id.* at ¶¶ 39, 69, 78]. Finally, she alleges that, "[i]n retaliation for Plaintiff's opposing Defendant's discriminatory conduct, Defendant refused to consider Plaintiff's applications for employment in March, April, May, June, July, and August 2024," in violation of the ADA and the ADEA. [*Id.* at ¶¶ 67, 75].

Courts have ruled—at the summary judgment stage—that knowledge of protected activity alone is insufficient to establish the requisite causal connection in similar

retaliation cases. *See, e.g.*, *Greenlee v. Sw. Health Sys., Inc.*, No. 06-cv-00103-EWN-KLM, 2007 WL 2320544, at *12 (D. Colo. Aug. 10, 2007); *Quintana v. N.M. Dep't of Transp.*, No. 24-cv-00053-KWR-JMR, 2025 WL 2029686, at *6 (D.N.M. July 21, 2025). But the burden on a plaintiff at the summary-judgment stage is higher than the pleading stage, requiring the plaintiff to establish a prima facie case of retaliation to survive summary judgment. *See Lincoln*, 900 F.3d at 1209. On the other hand, it is well-settled that a plaintiff does not need to establish a prima facie case at the pleading stage. *See Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012) ("[T]he 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint."); *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 511 (2002) ("This Court has never indicated that the requirements for establishing a prima facie case . . . also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss."); *Adenowo v. Denver Pub. Schs.*, No. 14-cv-02723-RM-MEH, 2015 WL 4511924, at *4 (D. Colo. June 17, 2015) (concluding that "a *prima facie* argument for but-for causation proving an ADEA claim need not be met at the pleading stage"), *recommendation adopted*, 2015 WL 4504931 (D. Colo. July 24, 2015).

Though a close call, the Court respectfully declines to dismiss Plaintiff's retaliation claims at this time. To be sure, Plaintiff's factual allegations concerning causation are not particularly robust. But Plaintiff need not establish a prima facie case at the pleading stage, and the Court is mindful that discovery has not yet commenced in this case. Furthermore, Plaintiff does not rely on knowledge alone; she also alleges that when decisionmakers with knowledge of her litigation conduct left, she was quickly rehired by Walmart, which could support a plausible, reasonable inference that she was qualified

and otherwise hirable and that the litigation conduct was the reason for Walmart's refusal to hire her from March to August 2024. Defendant may re-raise this argument, if appropriate, at a later stage in the case.

For the reasons set forth in this Order, the Court respectfully declines to adopt Judge Dominguez Braswell's Recommendation. Plaintiff's objections are **SUSTAINED**. Defendant's Motion to Dismiss is respectfully **GRANTED in part and DENIED in part**. **In so ruling, the Court specifically advises Ms. Kahler that the Court's decision today should not be interpreted as allowing Ms. Kahler to reach back to litigate claims that arose before 2024, necessarily allowing discovery of or admission of evidence of Walmart's conduct between 2016 and 2024, or commenting on the merits of Ms. Kahler's claims**.

**CONCLUSION**

For the reasons set forth above, **IT IS ORDERED** that:

(1) The Court respectfully declines to adopt the Recommendation of United States Magistrate Judge [Doc. 70];

(2) Defendant Walmart Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint [Doc. 57] is **GRANTED in part** and **DENIED in part**;

(3) Plaintiff's Motion Requesting Reply to Defendant's Response to Objection to Judge [Dominguez] Braswell's Recommendation [Doc. 77] is **DENIED as moot**;

(4) On or before **September 25, 2026**, the Parties shall jointly contact the Chambers of the Honorable Maritza Dominguez Braswell to set a Status Conference to discuss scheduling and pretrial discovery; and

(5) A copy of this Order shall be mailed to:

Mary Kahler
7 Trail Road
La Junta, CO 81050

DATED: September 8, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge